Scott Ortiz W.S.B # 5-2550
Ryan Schwartz W.S.B. # 6-3611
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
P.O. Box 10700
159 No. Wolcott, Suite 400
Casper, Wyoming 82602
(307) 265-0700 Telephone
E-Mail:   rschwartz@wpdn.net

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ROBERT M. LANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Case No. 15-CV-155F** |
| ) | |
| LUCAS E. BUCKLEY, DFWU, LLC, ) | |
| DRAY, DYEKMAN, REED AND HEALEY, PC., ) | |
| GREGORY C. DYKEMAN, HATHAWAY AND ) | |
| KUNZ, P.C., COLLEEN LANE, MATTHEW W. ) | |
| LANE, PATRICIA E. LANE, SCOTT W. MEIER, ) | |
| CPA, ) | |
| Defendants. ) | |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS HATHAWAY & KUNZ, P.C., SCOTT W. MEIER, CPA, AND LUCAS E. BUCKLEY'S MOTION TO DISMISS

---

Defendants Hathaway & Kunz, P.C., Scott W. Meier, CPA, and Lucas E. Buckley (hereinafter referred to individually or collectively as "The Moving Defendants"), by and through Scott Ortiz and Ryan Schwartz of the firm Williams, Porter, Day & Neville, P.C. hereby respectfully submit their MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS HATHAWAY & KUNZ, P.C., SCOTT W. MEIER, CPA AND LUCAS E. BUCKLEY'S MOTION TO DISMISS.  In summary,

this legal malpractice action filed against Hathaway & Kunz, P.C., and attorneys Scott W. Meier, CPA and Lucas E. Buckley, must be dismissed with prejudice because Plaintiff failed to commence this action within the applicable two-year statute of limitations. In support of this Motion, Defendants state as follows:

## I.      BACKGROUND FACTS

In considering this MOTION TO DISMISS, "All well-plead facts, as distinguished from conclusory allegations, must be taken as true." *Schwartz v. Hawkins & Powers Aviation, Inc.,* 2005 WL 3776351, at *2 (D. Wyo. 2005) (quoting *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984)). "The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support her claims." *Id.* (citations omitted).

Taking this standard into account, the well-plead facts of the Plaintiff's FIRST AMENDED COMPLAINT allege The Riverbend Trust was created on January 1, 1998 as an irrevocable spendthrift trust with Robert M. Lane as the sole beneficiary. (FIRST AMENDED COMPLAINT, DOC. No. 1 at ¶ 32). The Boulder Investment Trust was created on May 21, 2000, with Robert Lane as the sole beneficiary. (*Id* at ¶ 39). Windriver Corp of WY LLC is a Delaware limited liability company that is wholly owned by the Boulder Investment Trust. (*Id* at ¶ 46-47). The FIRST AMENDED COMPLAINT further alleges Hathaway & Kunz, P.C. is a professional corporation incorporated in the State of Wyoming, whose principal place of business is in the State of Wyoming, (*Id*, ¶14), and Defendants Scott W. Meier, P.C. and Lucas E. Buckley are shareholders and partners at Hathaway & Kunz, P.C. (*Id*, ¶18). The conduct of H&K, Meier and Buckley are governed by Wyoming law because their conduct allegedly violated "the applicable standards of

care" and was "carried out in connection with litigation taking place in the State of Wyoming and they are engaged in the practice of law in the State of Wyoming." (*Id at* ¶ 30).

The FIRST AMENDED COMPLAINT alleges that an attorney-client relationship was formed between H&K, Meier and Buckley and the Boulder Investment Trust, Riverbend Trust, and Windriver, LLC. The FIRST AMENDED COMPLAINT demonstrates this when it alleges the Riverbend Trust "retained Scott W. Meier CPA, Lucas E. Buckley, and Hathaway & Kunz, P.C. to represent it (Riverbend) with regard to Plaintiff Robert M. Lane's bankruptcy." (*Id* at ¶ 58). It further alleges "prior to the Turnover Agreement being signed, Boulder and Windriver ceased to be represented by (former counsel)... and began being represented by Scott W. Meier CPA and Lucas E. Buckley and Hathaway and Kunz." (*Id* at ¶ 59). As described more fully in the following paragraphs, all claims asserted against Defendants Hathaway & Kunz, P.C., Mr. Meier and Mr. Buckley arise out of this attorney-client relationship between them and the Boulder Investment Trust, Riverbend Trust, and Windriver LLC.

With respect to the matter in which Defendants H&K, Meier and Buckley were retained, Plaintiff Robert M. Lane had filed for Chapter 7 Bankruptcy in the U.S. Bankruptcy Court for the District of Wyoming on April 19, 2011. (*Id* at ¶ 53; See Dist. Of Wyoming BK. Chapter 7 Case No. 11-20398 & Related Adversary No. 12-02013). After Plaintiff filed Chapter 7 Bankruptcy, Gary A. Barney, the Bankruptcy Trustee filed adversarial proceedings against, *inter alia,* Plaintiff Robert Lane, The Boulder Trust, Colleen Lane, as Trustee for the Boulder Trust, Windriver, and Patricia E. Lane, as the Manager of Windriver. (*See* Wyoming BK No. 12-02013, DOC 1). Two years after the filing of the adversarial proceedings on February 25, 2013, a Settlement Agreement and Release ("Turnover Agreement") was executed and filed for approval with the U.S. Bankruptcy Court.

Although not attached to Plaintiff's FIRST AMENDED COMPLAINT in this case, the Turnover Agreement is referred to throughout the FIRST AMENDED COMPLAINT, is incorporated by reference into the FIRST AMENDED COMPLAINT, and indeed forms the basis for Plaintiff's claims. (See FIRST AMENDED COMPLAINT, DOC. No. 1 at ¶¶ 5, 52, 59, 61, 66, 67, 68, 69, 70-79). The Turnover Agreement was signed by Matthew W. Lane as Trustee of the Riverbend Trust, Colleen Lane as Trustee of the Boulder Trust, and Patricia Lane as Manager of Windriver. (*Id* at ¶67). An undisputed copy of the Turnover Agreement is attached hereto as Exhibit 1 for the Court's reference. Scott W. Meier's signature also appears on the Turnover Agreement as counsel for the Boulder Trust, Riverbend Trust, and Windriver, LLC. (*Id* at ¶68). The Turnover Agreement was approved by the U.S. Bankruptcy Court on June 20, 2013. (*Id* at ¶75).

Similarly, the Promissory Note which forms the basis of Plaintiff's claims was not attached to his FIRST AMENDED COMPLAINT, however it was referenced extensively and was incorporated by reference therein. (See FIRST AMENDED COMPLAINT, DOC. No. 1 at ¶¶ 9, 23, 80-82, 114-120, 121-126, 127-132). An undisputed copy of the Loan Agreement between DRWU, LLC and Patricial E. Lane is attached hereto as Exhibit 2.

Plaintiff Robert M. Lane first made allegations against Defendants H&K, Meier and Buckley in the Bankruptcy Proceeding. Mr. Lane's contempt actions against H&K, Meier and Buckley were dismissed by the U.S. Bankruptcy Trustee. ((*Id* at ¶76). Mr. Lane's adversarial proceedings against H&K and Meier in which fraud and other matters were alleged, was also dismissed by the U.S. Bankruptcy Trustee. (*Id* at ¶77). Undeterred, Mr. Lane filed this action in Superior Court in Maricopa County, Arizona on February 25, 2015. Mr. Lane never served the original Complaint, but proceeded to file his FIRST AMENDED COMPLAINT with the Arizona Court on May 11, 2015, and Defendants Hathaway & Kunz, P.C., Scott Meier and Lucas Buckley were

served with the Summons and First Amended Complaint on May 19, 2015. It was first removed to the U.S. District Court for the District of Arizona, and then transferred to this Court by an Order dated September 9, 2015 entered by Magistrate Judge Eileen S. Willett of the U.S. District Court for Arizona.

## II.    <u>STANDARD OF REVIEW</u>

Pursuant to FED. R. CIV. P. 12(b)(6), a party may bring a motion to dismiss where the Complaint fails to "state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) will be granted when it appears that the plaintiff "can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegation of the complaint as true and construing them in the light most favorable to the plaintiff." *Mountain State Farm Bureau Mut. Ins. Co. v. Hunt*, 82 F. Supp. 1261, 1264 (D. Wyo. 2000). Thus, the Court's obligation in ruling on a Rule 12(b) (6) motion is not to "weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Bintner v. Burlington Northern, Inc.*, 857 F. Supp. 1484, 1487 (D. Wyo. 1994) (*quoting Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). To sufficiently state a claim for relief, the plaintiff must demonstrate "the grounds of his entitlement to relief" which "requires more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court should treat as true only the "well-pleaded" facts, while giving little or no weight to conclusory allegations as well as attenuated factual inferences or deductions of fact.

While a motion to dismiss under Rule 12(b) (6) is normally limited to the allegations in a complaint, the Tenth Circuit has recognized that a court "must consider not only the complaint,

but also, 'documents incorporated into the complaint by reference.'" *Prissert v. EMCORE Corp.*, 894 F.Supp.2d 1361, 1368 (D.N.M. 2012).    Further, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997).  A court may also look to documents that are in the public record.  Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *See Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (citing 27A Fed. Proc., L. Ed. § 62:520 (2003)).    Additionally, "if the documents central to a plaintiff's claim 'contradict the allegations of the amended complaint, the documents control and [the] Court need not accept as true the allegations in the [ ] complaint.'" *Prissert*, 894 F.Supp.2d at 1368.

> If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied.  Moreover, conversion to summary judgment when a district court considers outside materials is to afford the plaintiff an opportunity to respond in kind.  When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and this rationale for conversion to summary judgment dissipates.

*GFF Corp.*, 130 F.3d at 1384-85.

The Moving Defendants ask the Court to take judicial notice of the documents referenced in Plaintiff's First Amended Complaint which were a part of the related bankruptcy proceedings without converting this Motion to one for Summary Judgment, and copies of the relevant pleadings and attachments to those pleadings from those matters are attached hereto as Exhibits.  As is the

Memorandum in Support of Defendants' Motion to Dismiss
Robert M. Lane. V. Lucas E. Buckley, *et al*, Case No. 15-cv-155F
Page 6 of 16

case here, a dismissal for failure to state a claim is entirely proper "**where a complaint shows on its face that the action is barred by the statute of limitations.**" *Gossard v. Gossard*, 149 F.2d 111, 113 (10th Cir 1945) (emphasis added).

### III.    ARGUMENT

#### A.    PLAINTIFF'S SEVERAL CLAIMS ONLY STATE A CLAIM FOR LEGAL MALPRACTICE TIED TO THE EXECUTION OF THE TURNOVER AGREEMENT AND LOAN AGREEMENT.

With respect to these moving Defendants, Plaintiff's FIRST AMENDED COMPLAINT asserts six purportedly separate counts: Count III – Legal malpractice; Count IV – Legal Malpractice; Count V – Legal Malpractice; Count VI – Conspiracy to Commit a Fraudulent Scheme; Count VII – Rescission and Restitution; and Count VIII – Fraudulent Transfer.  An examination of the facts asserted in the FIRST AMENDED COMPLAINT in support of these causes of action reveal, despite the varying labels placed on them by the Plaintiff, all of the allegations against these moving Defendants allege an act, error or omission in the rendering of professional legal services.

With respect to Count III, Plaintiff claims Defendants "owed a duty to perform their legal representation of these clients with the standard of care of a reasonable attorney." (FIRST AMENDED COMPLAINT, DOC. No. 1 at ¶ 96).  It is alleged Defendants breached this standard of care by "negligently advising their clients to sign the Turnover Agreement in violation of the express terms of the Boulder Trust Agreement, the Riverbend Trust Agreement and the Windriver Operating Agreement." (*Id* at ¶ 98).  Plaintiff makes similar allegations regarding the standard of care in Count IV (¶ 101), and alleges the standard was breached when Defendants "negligently advised Colleen Lane to sign the Turnover Agreement as Boulder Trustee and advised Patricia E. Lane to sign the Turnover Agreements as Manager of Windriver, at a time when Scott W. Meier,

CPA, Lucas E. Buckley, and Hathaway & Kunz, P.C. knew neither of them had the authority to sign the Turnover Agreement…" (*Id* at ¶ 103). In Count V Plaintiff alleges Hathaway & Kunz, P.C. failed to properly supervise Mr. Meier and Mr. Buckley in the performance of the representation as described in Counts III and IV. (*Id* at ¶ 107).

Although not titled as legal malpractice, the remaining claims also arise out of this attorney client relationship. With respect to Count VI – Conspiracy to Commit a Fraudulent Scheme, Plaintiff alleges "but for the failure of these law firms to properly supervise their attorneys, the agreement to turnover these assets of February 25, 2013 would not have been executed, and Robert Lane would still have an equitable interest in these assets which there was no legal duty to turn over to the United States Bankruptcy Trustee." (*Id* at ¶ 111). Any alleged duty to supervise could arise only out of the attorney-client relationship alleged to have been entered into between Plaintiff and Defendants Meier and Buckley, and any alleged scheme to defraud Plaintiff of his property necessarily occurred ***prior to*** execution of the Turnover Agreement on February 25, 2013. (*Id.*).

Count VII – Recession and Restitution and Count VIII – Fraudulent Transfer both seek to rescind a Promissory Note between Co-Defendant Patricia E. Lane and Windriver LLC. The asserted basis for rescinding this transaction is that it is a prohibited transaction by a disqualified person who was not entitled to serve as a fiduciary and thus is void or voidable. These Moving Defendants do not appear by name within the numbered paragraphs describing these counts, however the allegations appear to be that the attorney defendants Hathaway & Kunz, P.C., Scott Meier CPA and Lucas Buckley failed to advise their clients of adverse tax consequences which allegedly arise due to the transaction. The Loan Agreement and Promissory Note were executed on June 23, 2010. (See Exhibit 2; *See also* FIRST AMENDED COMPLAINT, DOC. No. 1 at ¶¶ 23, 80).

Examination of the facts in the light most favorable to the Plaintiff reveals that the factual basis for each of the counts of the FIRST AMENDED COMPLAINT asserted against these Moving Defendants rests solely on the establishment of an attorney-client relationship. Further, the standard of care to which he seeks to hold the moving Defendants relates to the provision of professional legal services. ("All of the Defendants breached their fiduciary duty, **committed professional negligence,** engaged in conflicts of interests, signed an illegal contract, violated other agreements, etc." (FIRST AMENDED COMPLAINT, DOC. No. 1 at ¶ 8 (emphasis added)); "The conduct of attorney Defendants, Lucas E. Buckley ,,,Hathaway and Kunz, P.C. and Scott W. Meier, CPA is governed by Wyoming law because their conduct in violation of the applicable standards of care **was carried out in connection with litigation taking place in the State of Wyoming and they are engaging in the practice of law in the State of Wyoming**." (FIRST AMENDED COMPLAINT, DOC. No. 1 at ¶ 30 (emphasis added)); "Defendants in this civil action conspired together …in violation of their … professional duties to Robert Lane." (FIRST AMENDED COMPLAINT, DOC. No. 1 at ¶ 110); "But for the failure of these law firms to properly supervise their attorneys, the agreement to turnover these assets of February 25, 2013 would not have been executed" ((FIRST AMENDED COMPLAINT, DOC. No. 1 at ¶ 111)).

The true claim asserted within the FIRST AMENDED COMPLAINT is a single cause of action for legal malpractice. Each and every factual allegation contained within Plaintiff's FIRST AMENDED COMPLAINT occurs within the confines of the attorney-client relationship and thus each claim only arose because of the attorney-client relationship between Defendants and their clients,

the Boulder Trust, Riverbend Trust, and Windriver Corp, LLC. None of the claims can be resolved without resort to the standard of care applicable in legal malpractice actions.

As is discussed in the next section of this brief, any claim that the Moving Defendants representation fell below the applicable standard of care for a practicing attorney is barred by the applicable statute of limitations, thus the creative labeling of the FIRST AMENDED COMPLAINT. However, this Court must treat these claims as what they really are, claims for legal malpractice, regardless of the labels placed on them by the Plaintiff. The Wyoming Supreme Court provided specific guidance for this Court in the case of *Peterson v. Scorsine*, 898 P.2d 382 (Wyo. 1995), wherein it was specifically held that the claims of negligence, breach of contract and breach of fiduciary duty are subsumed by the legal malpractice claim when all arise out of the attorney-client relationship. *Id.* The Court declared despite the alternate theories of recovery, Plaintiff Peterson was seeking recovery for attorney malpractice and affirmed the summary judgment granted the defendant because Plaintiff Peterson had failed to produce expert testimony in support of her legal malpractice claim. Just as the Court in *Peterson*, this Court must look past the labels placed on Plaintiffs claims to the substance of the allegations; and when that it done it becomes clear the only independent claim asserted is for legal malpractice.

**B.    PLAINTIFF'S CLAIMS FOR LEGAL MALPRACTICE ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS CONTAINED WITHIN WYO. STAT. § 1-3-107.**

Plaintiff's claims in this matter for legal malpractice are subject to a two year statute of limitation, and from the face of the FIRST AMENDED COMPLAINT are untimely. Further, as discussed in the previous section all of the Counts are, in reality, ones for legal malpractice thus the entirety of the FIRST AMENDED COMPLAINT must be dismissed with prejudice.

Sitting in diversity, this Court is to apply the law of the forum jurisdiction in determining whether Plaintiff's First Amended Complaint is barred by the statute of limitations. ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.") *Erie R. Co. v. Tompkins*, 58 S. Ct. 817, 822, 304 U.S. 64, 78 (U.S. 1938). Plaintiff may argue that the four-year fraud statute should extend the professional malpractice two-year statute of limitations. However, because plaintiff's claims are based upon the single professional relationship of Hathaway & Kunz, P.C., Scott Meier and Lucas Buckley, the claims against them cannot be divided up into multiple periods of limitations. Here, one statute controls over the allegations in this case – Wyo. Stat. § 1-3-107 – and its two year statute of limitations controls over all claims. *See Prokop v. Hockholter*, 137 P.3d 131 (Wyo. 2006) (If all of [the plaintiff's] claims are based on a single professional relationship…they may not be separated into various parts to allow different periods of limitation to be applied).

Wyoming's statute of limitations for professional negligence claims is contained within Wyo. Stat. Ann. § 1-3-107, which provides in pertinent part:

> A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times:
>
> (i) Within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was :
>
>> (A) Not reasonably discoverable within a two (2) year period; or
>> (B) The claimant failed to discovery the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

The two year statute of limitations governing causes of action arising from act, error or omission in rendering of licensed or certified professional or health care services apples to claims against

Memorandum in Support of Defendants' Motion to Dismiss
Robert M. Lane. V. Lucas E. Buckley, *et al*, Case No. 15-CV-155F
Page 11 of 16

attorney for legal malpractice. *Murphy v. Housel & Housel* 955 P.2d 880 (Wyo. 1998). Wyoming

is a discovery state which means the statute of limitations begins to run when the plaintiff **knows**

**or has reason to know** of the existence of a cause of action. *Cabot Oil & Gas Corp. v. Followill*,

93 P.3d 238, 243 (Wyo. 2004); *Murphy v. Housel & Housel*, 955 P.2d 880, 883 (Wyo. 1998). The

concept of discovery is written into Wyo. Stat. Ann. §1-3-107 in the form of the two exceptions.

The Wyoming Supreme Court has made clear that, unless the exceptions apply, a cause of action

for professional malpractice accrues for purposes of applying § 1-3-107's statute of limitations, on

the date of the "act error or omission", and not on a later date when the Plaintiff becomes aware of

the act, or when the full cause of action accrues, such as when damages are incurred. *Adelizzi v.*

*Stratton*, 243 P.3d 563, 566 (Wyo. 2010).

  The Moving Defendants dispute that they breached the applicable standard of care.

However, for purposes of this Motion, any alleged act, error or omission related to advice given to

their clients in connection with the execution of the Turnover Agreement and Loan Agreement

occurred ***at the very latest*** at the time the documents were executed. The "act, error or omission"

alleged by Plaintiff is the encouraging to sign, the execution of those documents was merely

following through on the advice earlier given. Defendants believe the date when the "act, error or

omission" occurred will be proven at trial to have been some time prior to the February 25th

execution date. However, for purposes of this motion the date of execution of the documents is

the absolute latest date on which any advice encouraging their signing could have occurred.

Viewed in the light most favorable to the Plaintiff, the dates the documents were signed present

the absolute latest date of any "act, error or omission" thus triggering the running of the statute of

limitations.

As recited in Plaintiff's FIRST AMENDED COMPLAINT, the Loan Agreement and Promissory Note were executed on June 23, 2010, (FIRST AMENDED COMPLAINT, DOC. No. 1 at ¶¶ 23, 80). Any alleged act, error or omission in advising their client related to this transaction necessarily occurred prior to the execution of the documents. This suit and any alleged malpractice connected to the Loan Agreement or Promissory Note, instituted more than four years after the documents were executed, is well beyond the two year statute of limitations for professional negligence claims and thus is time barred.

Similarly, any act, error or omission regarding the Turnover Agreement occurred more than two years prior to the filing of this Complaint and is thus time barred. The Turnover Agreement was executed on February 25, 2013, (FIRST AMENDED COMPLAINT, DOC. No. 1 at ¶ 66). The settlement represented by the Turnover Agreement was the result of many months, if not years, of discussions between the Trustee of Plaintiff's Bankruptcy Estate and the other signators thereto. Mr. Lane had been involved in those discussions and had been aware for a long time that the Turnover Agreement was being negotiated by the attorney for the Bankruptcy Trustee. Just as with the Loan Agreement, any act, error or omission which is alleged to have occurred in connection with advising their client to execute this document necessarily occurred ***prior to*** the document's execution. Plaintiff's COMPLAINT filed with the Superior Court in Maricopa County, Arizona on February 25, 2015 is also beyond the two year statute of limitations and must be dismissed.

Neither of the exceptions described in Wyo. Stat. § 1-3-107 apply under the facts of this case. Ordinarily, the issue of when the statute of limitations commences to run would be inappropriate for summary judgment. *Murphy v. Housel & Housel* 955 P.2d 880, 883 (Wyo. 1998). However, "where uncontroverted facts exist that demonstrate with specificity the time

when a reasonable person would have been placed on notice of the existence of the claim we will resolve the question as a matter of law." *Id* at 883. The execution of the Loan Agreement and Turnover Agreement are just such uncontroverted facts that establish a cutoff date. Plaintiff became aware that Defendants Hathaway & Kunz, Mr. Meier and Mr. Buckley had advised their clients to sign the Turnover Agreement prior to its execution on February 25, 2013. Plaintiff therefore discovered the act, error or omission within the two year period and neither of the exceptions apply. Because Plaintiff discovered the alleged act, error or omission within the two year timeframe, the statute of limitations began to run when the act, error or omission occurred, which was prior to February 25, 2013. The statute of limitations had thus expired prior to the filing of Plaintiff's Complaint on February 25, 2015.

Pursuant to Wyo. Stat. Ann. § 1-3-107, any claims by the Plaintiff related to this representation were required to be brought before February 25, 2015. The FIRST AMENDED COMPLAINT for legal malpractice, filed on February 25, 2015, is outside of the applicable statute of limitations and must be dismissed with prejudice. The remaining claims, while variously labeled by Plaintiff, are so inexorably intertwined with the attorney-client relationship that they are subsumed by the cause of action for legal malpractice and are similarly time barred by the statute of limitations.

## IV.    CONCLUSION

Accepting the facts stated in the FIRST AMENDED COMPLAINT as true, the claims are outside of the applicable statute of limitations and must be dismissed. Although an admirable attempt, Plaintiff's creative pleading asserting variously described causes of action arising out of an attorney-client relationship, on their face, and pursuant to the Wyoming Supreme Court's directive in *Peterson v. Scorsine*, 898 P.2d 382 (Wyo. 1995) only state a claim for legal

malpractice.  Accepting the facts stated in the First Amended Complaint as true and viewing them in the light most favorable to the Plaintiff, the claim is clearly outside of the applicable limitations period and thus the Moving Defendants ask this Court to dismiss the First Amended Complaint against them with prejudice.

DATED this 28th day of March, 2016.


HATHAWAY AND KUNZ, P.C, SCOTT MEIER AND LUCAS BUCKLEY,

Defendants


By:_____\s\ Ryan Schwartz_____
Ryan Schwartz W.S.B. #6.3611
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
P.O. Box 10700
159 No. Wolcott, Suite 400
Casper, Wyoming 82602
(307) 265-0700 Telephone
rschwartz@wpdn.net

Memorandum in Support of Defendants' Motion to Dismiss
Robert M. Lane. V. Lucas E. Buckley, et al, Case No. 15-cv-155F
Page 15 of 16

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing *Memorandum in Support of Defendants' Motion to Dismiss* was served upon counsel of record in the manner indicated this 28th day of March, 2016.

Robert M. Lane                          [  ] ECF/CM
4616 West Sahara Blvd, #589             [  ] Fax
Las Vegas, NV 89102                     [  ] Overnight Delivery
                                        [ X ] U.S. Mail

Anna Marie Reeves Olson                 [ X] ECF/CM
Park Street Law Office                  [  ] Fax
242 South Park Street                   [  ] Overnight Delivery
Casper, WY 82601                        [  ] U.S. Mail

Melinda S McCorkle                      [ X] ECF/CM
Kline Law Office                        [  ] Fax
P.O. Box 1938                           [  ] Overnight Delivery
Cheyenne, WY 82001                      [  ] U.S. Mail

Roger T. Hargrove                       [ X] ECF/CM
Fennemore Craig                         [  ] Fax
3003 North Central Avenue, Ste 2600     [  ] Overnight Delivery
Phoenix, AZ 85012                       [  ] U.S. Mail

Kerry Lee Beringhaus                    [ X] ECF/CM
Broening Oberg Woods & Wilson PC        [  ] Fax
P.O. Box 20527                          [  ] Overnight Delivery
Phoenix, AZ 85036-0527                  [  ] U.S. Mail

/s/ Ryan Schwartz
Ryan Schwartz