# EXHIBIT

# 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

### I.    PARTIES

This Settlement Agreement and Mutual Release ("Agreement") is entered into effective February 25, 2013, by and among on one hand Gary A. Barney, individually and in his capacity as Chapter 7 trustee of the Robert M. Lane bankruptcy estate ("Trustee"); and on the other hand, Boulder Investment Trust ("BIT") and Colleen Lane as its trustee and in her individual capacity; Riverbend Ranch Trust I ("Riverbend") and Matthew W. Lane as its trustee and in his individual capacity; Windriver Corp. of WY, LLC ("Windriver") and Patricia E. Lane as its manager and in her individual capacity; Penobscot Enterprises, Inc. ("Penobscot"); Penobscot Enterprises, Inc. Defined Benefit Pension Plan, a/k/a Penobscot Enterprises Defined Benefit Trust ("Penobscot Pension Plan") and Timothy Lane as its purported trustee and in his individual capacity; DFWU, LLC ("DFWU"); Tipperary, LLC ("Tipperary"); and Patricia A. Lane.    BIT, Riverbend, Windriver, Penobscot, the Penobscot Pension Plan, DFWU, Tipperary, Colleen Lane, Matthew W. Lane, Patricia E. Lane, Patricia A. Lane, and Timothy Lane, are sometimes referred to collectively as the "Defendants."[1]    Defendants and the Trustee are sometimes referred to collectively as the "Parties."  Patricia E. Lane, Patricia A. Lane, Colleen Lane, Matthew Lane, and Timothy Lane are sometimes referred to hereafter as a "Lane Family Member."

### II.    RECITALS

A.    Robert M. Lane ("Debtor") filed his voluntary petition for relief in Case No. 11-20398 ("Debtor's Bankruptcy Case") under Chapter 7 of title 11, U.S.C. (the "Bankruptcy Code") on April 19, 2011 in the United States Bankruptcy Court for the District of Wyoming

---

[1]    The Parties acknowledge that Colleen Lane, Matthew W. Lane, Timothy Lane, and Tipperary are included in the definition of "Defendants" but have not been named individually as defendants in any adversary proceeding.

2/25/2013; 11:35 a.m.

("Bankruptcy Court"), which, pursuant to 11 U.S.C. § 541(a), created "Debtor's Bankruptcy Estate." The Trustee was appointed in Debtor's Bankruptcy Case on April 19, 2011;

B.      On April 4, 2012, the Trustee commenced Adversary Proceeding No. 12-02013 (the "Avoidance Action"), in which in addition to claims asserted against the Debtor, the Trustee asserts various claims against BIT, Riverbend, and Windriver. BIT, Riverbend, and Windriver are sometimes referred to hereafter as the "Avoidance Action Defendants."

C.      On August 2, 2012, the Court entered its Stipulated Order Granting Preliminary Injunction in the Avoidance Action ("Avoidance Action Preliminary Injunction").

D.      Also on August 2, 2012, the Trustee commenced Adversary Proceeding No. 12-02035 (the "Discharge Adversary"), in which he seeks to have the Debtor's discharge revoked.

E.      On August 28, 2012, the Trustee filed the Trustee's Motion for Contempt and Request for Forthwith Hearing ("Motion for Contempt"), in which he seeks contempt sanctions against all of the Avoidance Action Defendants except for Riverbend. The Avoidance Action Defendants contest the assertions in the Trustee's Motion for Contempt.

F.      On August 8, 2012, the Trustee filed an Objection to Debtor's Exemptions ("Objection to Exemptions"), in which he seeks to have Debtor's claimed exemptions denied.

G.      On December 19, 2012, the Trustee commenced Adversary Proceeding No. 12-02055 (the "DFWU Adversary Proceeding") against Penobscot, the Penobscot Pension Plan, DFWU, Patricia E. Lane, and Patricia A. Lane (the "DFWU Defendants").

H.      On January 10, 2013, the Court entered its Order Granting Motion for Preliminary Injunction in the DFWU Adversary Proceeding (the "DFWU Preliminary Injunction").

I.      The Parties, after having conferred with counsel or voluntarily declining to do so, having made such inquiries as they deem reasonably necessary, and having had the opportunity

DOCS-#3845059-v1

2/25/2013; 11:35 a.m.

to review such documents as they deem necessary and appropriate, now desire to enter into this Agreement.

### III.    COVENANTS AND AGREEMENTS

NOW, THEREFORE, in consideration of the promises set forth in this Agreement, and for other good and valuable consideration, the adequacy and sufficiency of which the Parties hereby acknowledge, the Parties agree as follows:

1.    Bankruptcy Court Approval/Avoidance.    This Agreement is subject to approval by the Bankruptcy Court and upon execution of this Agreement the Trustee shall promptly file a motion requesting Court approval.    This Agreement shall be deemed null and void if it is not approved by an order entered by the Bankruptcy Court for any reason.

2.    Effective Date.    The Effective Date of this Agreement shall be the date it is approved by an order entered by the Bankruptcy Court in Debtor's Bankruptcy Case.

3.    Property of the Estate.    The Parties hereby agree that among other assets, the following are the "Property of Debtor's Bankruptcy Estate" pursuant to 11 U.S.C. § 541: (1) all property of BIT, Riverbend, and Windriver, including but not limited to the assets listed on Exhibit A; (2) all assets held by Penobscot, the Penobscot Pension Plan, DFWU, and Tipperary; and (3) all post-petition transfers any Lane Family Member has received from BIT, Riverbend, Windriver, DFWU, Tipperary, Penobscot, or the Penobscot Pension Plan.    Notwithstanding the foregoing, the 50% of shares of ILMMB listed on Exhibit A as owned by Windriver shall not be property of the Debtor's Bankruptcy Estate.

4.    Turnover.    Defendants agree that within ten (10) days after the Effective Date they shall, pursuant to 11 U.S.C. § 542, turnover all Property of Debtor's Bankruptcy Estate to the Trustee, and shall turnover all documents, books, and records concerning and related to the

DOCS-#3845059-v1

2/25/2013; 11:35 a.m.

Property of Debtor's Bankruptcy Estate. To the extent that turnover cannot be completed within ten (10) days of the Effective Date, Defendants shall cooperate with the Trustee and shall undertake all acts reasonably necessary to effect the turnover of the Property of Debtor's Bankruptcy Estate as soon as practicable. Notwithstanding anything to the contrary herein, upon execution of this Agreement Defendants shall immediately turnover the real properties identified on Exhibit A as 743 Lilac, which is located in Montecito, California, and 5455 Woodchuck, which is located in Wilson, Wyoming, and all personal property located in said real properties and the Trustee shall have the right to immediate and exclusive possession of said real and personal property. Provided, however, that Debtor may continue to reside at the Wilson property pending its sale provided that he cooperates with all reasonable requests relating to the marketing and sale of the property, and provided that all art and coins currently located at the property are immediately turned over to the Trustee. If Debtor fails to cooperate with the marketing or sale of the Wilson property, or the turnover of the art and coins, the Trustee shall have the unilateral right immediately to terminate Debtor's right to reside at the property pending its sale.

5.    <u>Avoidance Action Dismissals</u>. Within ten (10) days after completion of turnover as required by this Agreement, the Parties will file stipulations effecting the dismissal of all claims asserted in the Avoidance Action against the Avoidance Action Defendants and vacating the Avoidance Action Preliminary Injunction as to the Avoidance Action Defendants. The Trustee shall also dismiss the Motion for Contempt as to the Avoidance Action Defendants. Pending Court approval of this Agreement and completion of the turnover required hereunder, the Trustee shall stay all actions against the Avoidance Action Defendants. Nothing herein shall affect or stay the claims in the Avoidance Action against the Debtor.

6.    <u>DFWU Adversary Proceeding Dismissal</u>. Within ten (10) days after completion of turnover as required by this Agreement, the Parties will file stipulations effecting the dismissal of all claims asserted in the DFWU Adversary Proceeding and vacating the DFWU Adversary Proceeding Preliminary Injunction.  Pending Court approval of this Agreement and completion of the turnover required hereunder, the Trustee shall stay all actions against the DFWU Defendants and Timothy Lane.  The Trustee shall, pending vacation of the DFWU Adversary Proceeding Preliminary Injunction and dismissal of the DFWU Adversary Proceeding cooperate with the DFWU Defendants to identify any personal assets held by any Lane Family Member that is not Property of Debtor's Bankruptcy Estate and to ensure that such property is not subject to the DFWU Preliminary Injunction.

7.    <u>Mutual Releases and Withdrawal of Claims</u>.

a)    Except for any remaining obligations under this Agreement, including any breach of any representation or warranty by any Defendant, upon the turnover to the Trustee of all property required to be turned over by this Agreement, the Trustee individually and in his official capacity as Chapter 7 Trustee, and on behalf of Debtor's Bankruptcy Estate, shall execute releases that will forever discharge Defendants and their attorneys, successors, heirs, and assigns from any and all claims, causes of action, manner of actions, debts, suits, rights, notes, covenants, liabilities, accounts, contracts, agreements, promises, damages, losses, attorneys' fees, costs and expenses, and demands whether known or unknown, matured or unmatured, accrued or unaccrued, direct or indirect, suspected or unsuspected, fixed or contingent, in law or equity, including without limitation claims that were or could have been asserted in the Avoidance Action, the Motion for Contempt, and the DFWU Adversary Proceeding.  Notwithstanding anything to the contrary herein, the Trustee does not release any Defendant from any claim based

upon the loans payable identified on Exhibit A, which are Property of Debtor's Bankruptcy Estate. Moreover, notwithstanding anything to the contrary herein, the Trustee does not release any claim against the Debtor.

     b)     Except for the obligations under this Agreement, upon the Effective Date Defendants hereby release and forever discharge the Trustee individually and in his official capacity as Chapter 7 Trustee, and the Debtor's Bankruptcy Estate, and their attorneys, successors, heirs, and assigns from any and all claims, causes of action, manner of actions, debts, suits, rights, notes, covenants, liabilities, accounts, contracts, agreements, promises, damages, losses, attorneys' fees, costs and expenses, and demands whether known or unknown, matured or unmatured, accrued or unaccrued, direct or indirect, suspected or unsuspected, fixed or contingent, in law or equity, including without limitation any counterclaims or defenses that were or could have been asserted in the Avoidance Action, the Motion for Contempt, and the DFWU Adversary Proceeding.

     c)     Within ten (10) days after the Effective Date, the Defendants shall cause the following claims to be withdrawn, with prejudice:

     (i)     Claim No. 8, in the amount of $1,445,315.67 filed by Windriver Corp. of WY, LLC; and

     (ii)     Claim No. 7, in the amount of $43,022.00 filed by the Lane Family.

     8.     <u>Representations and Warranties</u>.  Defendants each represent and warrant that, to the best of their knowledge and based upon diligent inquiry:

     a)     Exhibit A contains a complete and accurate disclosure of all assets owned directly by BIT, Riverbend, Windriver, Penobscot, the Penobscot Pension Plan, DFWU, and

DOCS-#3845059-v1

2/25/2013; 11:35 a.m.

Tipperary, or held directly or indirectly for their benefit, which this Agreement defines as "Property of Debtor's Bankruptcy Estate," including their location and a good faith estimate of their fair market value, including any post-petition transfers any Defendant has received from Riverbend, BIT, Windriver, DFWU, Tipperary, Penobscot, or the Penobscot Pension Plan; and

b)    Exhibit A contains a disclosure of all liabilities related to Property of Debtor's Bankruptcy Estate, whether direct or contingent.

These representations and warranties are the basis upon which the Trustee is entering into this Agreement. If any representation or warranty proves to be materially false or misleading, or if any Defendant shall violate any provision of this Agreement, the Trustee shall have the right in his sole discretion to seek the rescission of that Defendant's release by filing a motion with the Bankruptcy Court. Should any Defendant's release be rescinded, it shall not affect any other provision of this Agreement, which shall otherwise remain in full force and effect.

9.    <u>Tolling of Statute of Limitations and Repose</u>. Should any Defendant's release be rescinded by an Order of the Bankruptcy Court, then all applicable statutes of limitations or repose related to any and all claims against said Defendant shall be tolled effective April 4, 2012. Any action subsequently brought by the Trustee against any Defendant whose release has been rescinded shall be deemed to have been filed on April 4, 2012, and all Defendants agree that they shall not assert that this tolling provision did not effectively toll any time-based defense, whether statute of limitation or repose.

10.    <u>Claim Review and Objections</u>. The Trustee shall have the sole and exclusive discretion to review, object to, and enter into settlements regarding the allowance of claims in Debtor's Bankruptcy Case.

2/25/2013; 11:35 a.m.

11.    <u>Standing</u>. Upon the Effective Date, none of the Defendants shall have standing in Debtor's Bankruptcy Case, and thereafter none shall take any action, directly or indirectly, to obtain standing in Debtor's Bankruptcy Case. It is the Parties' intention that after the Effective Date, except to assist in the turnover of assets called for herein or except as provided in paragraph 24, the Defendants shall have no involvement in the administration of Debtor's Bankruptcy Case.

12.    <u>Debtor's/Trustee's Rights</u>. Nothing herein shall be construed as affecting or limiting any rights, claims, or defenses Debtor or the Trustee may have against each other or against other non-Defendants in the Avoidance Action, Discharge Adversary, or Debtor's Bankruptcy Case, including Debtor's right to claim any exemptions. Nothing in this Agreement shall be construed to make any non-party a third-party beneficiary of this Agreement.

13.    <u>Compromise of Disputed Claims</u>. It is expressly understood and agreed that the terms of this Agreement are contractual in nature and not mere recitals and that the agreements contained herein and the consideration transferred are to compromise doubtful and disputed claims. Nothing herein shall be construed or considered an admission of any allegation by any Party. On the contrary, this Agreement is being entered into to avoid further litigation and any further dispute or claims and to buy peace to the extent described herein.

14.    <u>Authorization</u>. All Parties represent and warrant that no promise or inducement has been offered except as expressly set forth herein; that the person signing this Agreement on behalf of each Party is both authorized and legally competent to execute this Agreement and accepts full responsibility therefore; and, that it has not assigned, transferred or hypothecated any claim or interest identified herein.

15.    <u>Successors</u>.  This Agreement shall be binding upon, and shall inure to the benefit of the Parties and their legal representatives, successors and assigns, whether by operation of law or otherwise.

16.    <u>Controlling Law and Jurisdiction</u>.  This Agreement is made and entered into in the State of Wyoming, and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Wyoming, without reference to Wyoming's law on conflicts of law.  The Parties stipulate that the Bankruptcy Court shall have jurisdiction and that venue in that Court is proper to enforce and resolve any disputes relating to this Agreement as part of the administration of the Debtor's Bankruptcy Case.

17.    <u>Severability</u>.  If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, invalid or unenforceable under present or future laws effective during the term of this Agreement, such provision shall be fully severable.

18.    <u>Fair Interpretation</u>.  This Agreement is the product of negotiations between the Parties and shall be given fair interpretation.  Each of the Parties hereto expressly acknowledges that this Agreement shall be deemed to have been mutually prepared so that the rule of construction to the effect that ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Agreement.

19.    <u>Parties Advised by Counsel</u>.  The Parties acknowledge that they have the right to be represented by counsel with respect to this Agreement and all matters covered by and relating to it.  Any Party electing to proceed without counsel acknowledges they have done so voluntarily.

20.    <u>No Waiver of Breaches of Agreement</u>.  The failure by a Party to insist upon strict compliance with any of the covenants or restrictions contained in this Agreement shall not be

Page **9** of **13**

2/25/2013; 11:35 a.m.

construed as a waiver, nor shall any course of action deprive a Party of the right to require strict compliance with this Agreement.

21. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement among the Parties with regard to the subject matter hereof and supersedes all prior and contemporaneous representations, contracts or agreements of any nature. Any modification of any provision of this Agreement shall not be valid unless in writing and executed by the Parties.

22. <u>Costs and Attorneys' Fees</u>. Each of the Parties shall bear its own costs and attorneys' fees incurred prior to the Effective Date and related to the turnover of assets listed on Exhibit A. Provided, however, counsel for the Avoidance Action Defendants shall be paid for their reasonable attorneys' fees incurred in defending the Avoidance Action and for their reasonable attorneys' fees in connection with effecting the turnover of assets required by this Agreement. In connection with any litigation, mediation, arbitration, special proceeding or other proceeding brought to enforce the terms of this Agreement, the prevailing party shall be entitled to recover from the other party its costs and reasonable attorneys' fees, through and including any appeal or post-judgment proceeding.

23. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Signatures delivered by facsimile and email as electronic files shall be deemed effective as originals.

24. <u>Additional Documents and Cooperation</u>. The Parties shall cooperate and promptly execute all additional documents and take all actions necessary to fully implement the terms and intent of this Agreement and the turnover of all Property of Debtor's Bankruptcy Estate. Defendants hereby agree to make themselves available voluntarily without subpoena to

provide complete and truthful testimony concerning all matters relating to the Property of Debtor's Bankruptcy Estate or the administration of Debtor's Bankruptcy Estate. Defendants shall not destroy, transfer, or otherwise dispose of any documents or books and records relating to the Property of the Debtors' Bankruptcy Estate or communications with the Debtor, and within ten (10) days of signing this Agreement they shall provide copies of all such documents to counsel for the Trustee.

25.    Headings and Titles. The headings and titles in this Agreement are for convenience only and in no way define, limit, extend, or describe the scope of this Agreement or the intent of any provision herein.

IN WITNESS WHEREOF, the parties hereto hereby execute this Agreement effective as of the date written above.

AGREED AND ACCEPTED:                    REVIEWED AND APPROVED:


Gary A. Barney, individually, in his capacity    John C. Smiley, Counsel
as Chapter 7 Trustee, and as representative of
Debtor's Bankruptcy Estate


RIVERBEND RANCH TRUST I


By:_____        _____
Its:_____        Scott W. Meier, Counsel

DOCS-#3845059-v1

2/25/2013; 11:35 a.m.

provide complete and truthful testimony concerning all matters relating to the Property of Debtor's Bankruptcy Estate or the administration of Debtor's Bankruptcy Estate. Defendants shall not destroy, transfer, or otherwise dispose of any documents or books and records relating to the Property of the Debtors' Bankruptcy Estate or communications with the Debtor, and within ten (10) days of signing this Agreement they shall provide copies of all such documents to counsel for the Trustee.

25.   <u>Headings and Titles</u>.   The headings and titles in this Agreement are for convenience only and in no way define, limit, extend, or describe the scope of this Agreement or the intent of any provision herein.

IN WITNESS WHEREOF, the parties hereto hereby execute this Agreement effective as of the date written above.

AGREED AND ACCEPTED:                    REVIEWED AND APPROVED:


_____            _____
Gary A. Barney, individually, in his capacity    John C. Smiley, Counsel
as Chapter 7 Trustee, and as representative of
Debtor's Bankruptcy Estate


RIVERBEND RANCH TRUST I


BY: _____        _____
ITS:                                    Scott W. Meier, Counsel

Case 2:15-cv-00155-NDF    Document 61-1    Filed 03/28/16    Page 14 of 22

Feb 25 13 08:19p    Kevin Lane    Case 11-20398    Doc 201    Filed 02/27/13    Entered 02/27/13 15:39.29    203-226-3594    Desc Main    p.2
                    Document        Page 14 of 26

BOULDER INVESTMENT TRUST

By: _____    _____
Its: _____    Scott W. Meier, Counsel

WINDRIVER CORP. OF WY, LLC

By: _____    _____
Its: _____    Scott W. Meier, Counsel

PENOBSCOT ENTERPRISES, INC.

By: _____
Its: _____

PENOBSCOT      ENTERPRISES,      INC.
DEFINED    BENEFIT    PENSION    PLAN,
A/K/A      PENOBSCOT      ENTERPRISES
DEFINED BENEFIT TRUST

By: _____
Its: _____

DFWU, LLC

By: _____
Its: _____

TIPPERARY, LLC

By: _____
Its: _____

Page 12 of 13

2/25/2013; 11:35 a.m.

Case 2:15-cv-00155-NDF    Document 61-1    Filed 03/28/16    Page 15 of 22

02/25/2013  11:20 398 43 62 8209    Filed 02/27/13  Entered 02/27/13 15:49:29    Desc Main    02/03
Case 11-20398    Doc 201
                                Document      Page 15 of 26

BOULDER INVESTMENT TRUST

By: _____
Its: _____          _____
                                          Scott W. Meier, Counsel


WINDRIVER CORP. OF WY, LLC

By: _Pat: E fam_____
Its: _MANAGER_____                  _____
                                          Scott W. Meier, Counsel

PENOBSCOT ENTERPRISES, INC.


By: _____
Its: _____


PENOBSCOT        ENTERPRISES,        INC.
DEFINED   BENEFIT   PENSION    PLAN,
A/K/A     PENOBSCOT     ENTERPRISES
DEFINED BENEFIT TRUST


By: _____
Its: _____


DFWU, LLC

By: _Pat: E fam_____
Its: _MANAGER_____


TIPPERARY, LLC

By: _Pat: E fam_____
Its: _MANAGER_____


Page 12 of 13

DOCS-#3845059-v1

BOULDER INVESTMENT TRUST

By:_____          _____
Its:_____          Scott W. Meier, Counsel


WINDRIVER CORP. OF WY, LLC

By:_____          _____
Its:_____          Scott W. Meier, Counsel

PENOBSCOT ENTERPRISES, INC.

By:_____
Its:_____

PENOBSCOT      ENTERPRISES,      INC.
DEFINED   BENEFIT   PENSION   PLAN,
A/K/A    PENOBSCOT    ENTERPRISES
DEFINED BENEFIT TRUST

By:_____
Its:_____


DFWU, LLC


By:_____
Its:_____

TIPPERARY, LLC


By:_____
Its:_____


Page 12 of 13

BOULDER INVESTMENT TRUST

By:_____
Its:_____                    _____
                                                 Scott W. Meier, Counsel


WINDRIVER CORP. OF WY, LLC

By:_____
Its:___MANAGER_____                        _____
                                                 Scott W. Meier, Counsel

PENOBSCOT ENTERPRISES, INC.

By:_____
Its:___REPRESENTATIVE_____


PENOBSCOT        ENTERPRISES,    INC.
DEFINED   BENEFIT   PENSION    PLAN,
A/K/A    PENOBSCOT       ENTERPRISES
DEFINED BENEFIT TRUST

By:_____
Its:___REPRESENTATIVE_____


DFWU, LLC

By:_____
Its:___MANAGER_____


TIPPERARY, LLC

By:_____
Its:___MANAGER_____


Page 12 of 13

DFWU, LLC

By: _____

Its: _____

_____
Matthew W. Lane

_____
Colleen Lane

_____
Patricia E. Lane

_____
Patricia A. Lane

_____
Timothy Lane

Page **13** of **13**

2/25/2013; 11:35 a.m.

2/25/2013: 11:35 a.m.

DFWU, LLC

By:_____
Its:_____


_____
Matthew W. Lane

_____
Colleen Lane


_____
Patricia E. Lane


_____
Patricia A. Lane


_____
Timothy Lane

DOCS-#3845059-v1

2/25/2013; 11:35 a.m.

DFWU, LLC

By: _Patricia A. Lane_

Its: ___PRESIDENT___

_____
Matthew W. Lane

_____
Colleen Lane

_Patricia E. Lane_
Patricia E. Lane

_Patricia A. Lane_
Patricia A. Lane

_____
Timothy Lane

DOCS-#3845059-v1

2/25/2013; 11:35 a.m.

DFWU, LLC

By: _____
Its: _____


_____
Matthew W. Lane


_____
Colleen Lane


_____
Patricia E. Lane


_____
Patricia A. Lane

_____
Timothy Lane

DOCS #3843059-v1                                      2/25/2013; 11:35 a.m.