Michael Wilkerson (WY SBN 5-2184)
Wilkerson & Bremer Law Group, LLC
400 South Kendrick Avenue, Suite 203A
P.O. Box 607
Gillette, Wyoming 82717
Tel.: 307-686-6347
Fac.: 307-687-0216

Martin P. Cohn (CA SBN 129289)
(*Pro Hac Vice*)
**COHN RENGO**
314 East Carrillo Street, Suite 7
Santa Barbara, CA 93101
Tel.: (805) 569-2223
Fac.: (805) 682-4215

Attorneys for Plaintiff Robert M. Lane

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ROBERT M. LANE, | Case No. 2:15-cv-00155-NDF |
| Plaintiff, | **PLAINTIFF ROBERT LANE'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT PATRICIA E. LANE AND TO CONTINUE ALL TRIAL RELATED DATES IN THIS ACTION** |
| v. | |
| LUCAS E. BUCKLEY, et al., | |
| Defendants. | |
| | *[Assigned to the Honorable Nancy D. Freudenthal, Chief Judge]* |

TO THE UNITED STATES DISTRICT COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff Robert Lane, by and through his attorneys, COHN RENGO, hereby moves this Court to compel Defendant Patricia E. Lane to attend her deposition and to continue all trial related dates at least three months, sufficient to allow a meaningful discovery to take place in this action.

## I. INTRODUCTION

### A. Factual Background

Plaintiff Robert Lane seeks an order compelling Defendant Patricia E. Lane to appear at her duly noticed deposition and to continue all trial related dates in this action.

Defendant Patricia E. Lane has knowingly conspired to defraud Plaintiff Robert M. Lane of his retirement accounts and IRA funds. Documents show that she has personally received at least $2,029,682.42, and caused the illegal diversion of at least $5,602,514.25, with the aid of her attorneys and Colleen Lane and Matthew Lane. (See: Declaration of Plaintiff Robert Lane in Support of Motion to Compel the Deposition of Patricia E. Lane and to Continue All Trial Related Dates in the Action, served and filed herewith as "Exhibit 1.")

On or about October 21, 2009, Patricia E. Lane represented to the Bank of Jackson Hole that she was the account-holder for the Penobscot Enterprises Defined Benefit Pension Trust a duly formed retirement account compliant with ERISA at that time. (See: Exhibit 2, served and filed herewith. BOJH 000514 and BOJH 000547.)

On or about November 20, 2009, DFWU, LLC was created as a Delaware limited liability company. (See: Exhibit 3, served and filed herewith)

On May 13, 2010, Penobscot Enterprises Defined Benefit Pension Trust purchases 61.84% of DFWU, LLC for 1,053,933.22. (See: Exhibit 4, served and filed herewith. BOJH 000500.)

On January 26, 2011, the Bank of Jackson Hole contacted Patricia E. Lane that the Robert M. Lane IRA and the Penobscot Enterprises Defined Benefit Pension Trust owned $1,894,053.11 of DFWU, LLC. (See: Exhibit 5, served and filed herewith. BOJH 538-541)

On March 31, 2011 Patricia E. Lane represented herself as Manager of DFWU, LLC. (See: Exhibit 6, served and filed herewith. BOJH 000537.)

As of Dec. 30, 2011 the Penobscot Enterprises Defined Benefit Pension Trust held a 61.84% interest in DFWU, LLC with a market value of 1,196,386.86. Patricia E. Lane was still the trustee of that trust.  (See: Exhibit 7, served and filed herewith. BOJH 000523.)

As of December 31, 2011, The DFWU, LLC account contained $1,909,096.51. (See: Exhibit 8, served and filed herewith BOJH 000561.)

On Jan. 3, 2012, $900,574.25 was distributed from the Penobscot Enterprises Defined Benefit Pension Trust to purchase an interest in DFWU, LLC.  (See: Exhibit 9, served and filed herewith BOJH 535.)

The 2012 Tax Information Statement for the DFWU, LLC Custodial account shows that $2,027,682.42 is transferred from the DFWU, LLC Custodial Account and wired to the personal bank account of Patricia E. Lane and Patricia A. Lane.  (See: Exhibit 10, pages 25-26, served and filed herewith. BOJH 000622-000658.)

These transactions were as follows:

1. August 24, 2012    $178,500.00   (Exhibit 10, page 25. BOJH 000645.)
2. September 4, 2012  $421,000.00   (Exhibit 10, page 25. BOJH 000645.)
3. September 7, 2012  $106,000.00   (Exhibit 10, page 25. BOJH 000645.)
4. October 4, 2012    $555,784.95   (Exhibit 10, page 26. BOJH 0000646.)
5. October 10, 2012   $369,397.47   (Exhibit 10, page 26. BOJH 0000646.)
6. October 31, 2012   $397,000.00   (Exhibit 10, page 26. BOJH 0000646.)

The Wells Fargo Bank records showing Patricia E. Lane and Patricia A. Lane's receipt of those funds is attached hereto as "Exhibit 11."

As of February 26, 2013, Patricia A. Lane represents that she is president of DFWU. LLC, and Patricia E. Lane represents that she is Manager of DFWU in a Settlement Agreement in Mr. Lane's bankruptcy. (*In re: Robert Lane, Debtor*, Bankruptcy Court for the District of Wyoming, Case No. 11-20398, Document 199-1, attached hereto as "Exhibit 12.") In that Settlement Agreement, Patricia A. Lane and Patricia E. Lane acknowledge that DFWU, LLC assets held by Lane family members are not part of Mr. Lane's bankruptcy estate. (Exhibit 12, Lane BK, Case No. 11-20398, Doc. 199-1, page 6 of 24.) They further acknowledge that securities held in Hilton Head, South Carolina in the amount of $1,900,000.00 is a "DFWU - Non Estate Asset" which is characterized as a "Loan to P. Lane." (Exhibit 12, Lane BK, Case No. 11-20398, Doc. 199-1, page 23 of 24.)[1]

We have since learned that Patricia E. Lane has used at least $500,000 of this money to settle a lawsuit brought against her and Patricia A. Lane in South Carolina. (See: Exhibit 14, a redacted copy of the settlement agreement in Vikki L. Lane v. Patricia E. Lane et al, Beaufort County Court, Case#2013-CP-07-2997.)[2]

This summary of evidence shows that the Defendants in this case knew that these were Plaintiff's retirement and IRA assets to which Plaintiff is entitled, establishes Patricia E. Lane and Patricia A. Lane's acknowledgement of their positions of trust, and traces the money directly from Mr. Lane's retirement accounts into their pockets. It further demonstrates Defendants'

---

[1] It should be noted that Defendant Scott Meier, of Hathaway & Kunz, LLP was a signatory to this Settlement Agreement. (Exhibit 12, Lane BK, Case No. 11-20398, Doc. 199-1, page 13 of 24.) It should also be noted that an email from Scott Meier to Robert M. Lane of August 29, 2013 (attached hereto at "Exhibit 13") disclaims the very facts which appear in the Settlement Agreement and the knowing misrepresentations therein demonstrably show Defendant Scott Meier's and Hathaway & Kunz, LLP's participation in this fraudulent scheme.

4
**PLAINTIFF ROBERT LANE'S MOTION TO COMPEL THE DEPOSITION OF PATRICIA E. LANE AND TO CONTINUE ALL TRIAL RELATED DATES IN THIS ACTION**

acknowledgement of his right to obtain those funds following his bankruptcy. The defendants in this case have conspired to defraud Plaintiff of these assets, and use them for their own benefit.

Patricia E. Lane's testimony is key to this litigation.

**B. Summary of Discovery Dispute**

Plaintiff duly noticed Patricia E. Lane's deposition to take place on March 17, 2017, at 10:00 a.m., at Coastal Court Reporting, 1 Corpus Christi Place, Suite 107, Hilton Head Island, SC 29928. This location was chosen so as to be as convenient as reasonably possible to Patricia E. Lane's stated residence and to reduce the of extra strain on her health. A true and correct copy of "Plaintiff Robert Lane's Notice of Deposition to Defendant Patricia E. Lane and Requests for Production of Documents" is attached hereto as "Exhibit 15."

Shortly before the deposition was to take place, counsel for Patricia E. Lane stated in a telephone conference that Ms. Lane was scheduled to see a physician, and though Ms. Lane would not appear on March 17, 2017, counsel would reconvene to determine Ms. Lane's availability.

On or about March 20, 2017, counsel for Patricia E. Lane produced documents in response to Plaintiffs requests for production.

On or about April 11, 2017, counsel for Patricia E. Lane stated in a telephonic conference that Patricia E. Lane would not appear for her deposition for at least two months.

On or about May 4, 2017, Plaintiff demanded that Patricia E. Lane appear for a deposition on or before May 26, 2017, or agree to continue trial related dates in this action. (A true and correct copy of said correspondence is attached hereto as "Exhibit 16")

---

[2] It should also be noted that Mr. Meier was a signatory to this agreement as well, further implicating him in the fraudulent conspiracy.

On May 8, 2017, counsel for Patricia E. Lane continues to refuse to provide a date at which she will appear for a deposition and also refuses to stipulate to continue the trial related dates. (A true and correct copy of said correspondence is attached hereto as "Exhibit 17")

## II. THIS COURT SHOULD COMPEL DEFENDANT PATRICIA E. LANE TO APPEAR AT HER DEPOSITION AND CONTINUE TRIAL RELATED DATES

Plaintiff served a Notice of Deposition and Requests for Production of Documents in compliance with Fed. R. Civ. P. 30. Plaintiff has in good faith conferred with the party refusing to appear at that noticed deposition pursuant to Fed. R. Civ. P. 37 and Wyoming Local Civil Rule 37.1(b). As such this Court has authority to compel Patricia E. Lane to attend the noticed deposition.

Defendant Patricia E. Lane has not filed a motion to quash deposition notice pursuant to Wyoming Local Civil Rule 37.2(a), nor a motion for a protective order pursuant to Fed. R. Civ. P. 26(c). A motion for a protective order places the burden on the moving party to show good cause to issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. See: Fed. R. Civ. P. 26(c)(1). Defendant Patricia E. Lane's counsel has claimed that Ms. Lane cannot appear because of medical issues, but has not provided any documentation or a statement from a physician explaining why those issues prevent her from giving testimony.

//
//
//
//
//
//
//

Defendant Patricia E. Lane seeks an indefinite delay in the taking of her deposition. This is not authorized under the Federal Rules of Civil Procedure. Upon a party's failure to attend a deposition after being served with proper notice, the court where the action is pending, may, on motion, order sanctions. See Fed. R. Civ. P. 37(d)(1)(A)(i). The Federal Rules go on to say: "Unacceptable Excuse for Failing to Act. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."

Dated: May 12, 2017        **COHN RENGO**

*/s/ Martin Cohn*

By: _____
Martin Cohn
Attorney for Plaintiff
Robert M. Lane

**PLAINTIFF ROBERT LANE'S MOTION TO COMPEL THE DEPOSITION OF PATRICIA E. LANE AND TO CONTINUE ALL TRIAL RELATED DATES IN THIS ACTION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this proceeding.  My business address is:  COHN RENGO, 314 East Carrillo Street, Suite 7, Santa Barbara, California 93101.

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF ROBERT LANE'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT PATRICIA E. LANE AND TO CONTINUE ALL TRIAL RELATED DATES IN THIS ACTION**

will be served or was served in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  The foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 12, 2017, I checked the CM/ECF docket for this proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Martin P. Cohn at marty@cohnrengo.com
Michael B. Wilkerson at michael@rsiwy.com
Kerry Lee Beringhaus at klb@bowwlaw.com
Anna Marie Reeves Olson at aro@parkstreetlaw.com
Weston W Reeves at wwr@parkstreetlaw.com
Melinda S. McCorkle at melinda@kmplaw.net
Roger T. Hargrove at rhargrov@fclaw.com
Stephen H. Kline at steve@kmplaw.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 12, 2017 | Raymond Rengo | */s/ Raymond Rengo* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**PROOF OF SERVICE**