Michael Wilkerson (WY SBN 5-2184)
Wilkerson & Bremer Law Group, LLC
400 South Kendrick Avenue, Suite 203A
P.O. Box 607
Gillette, Wyoming 82717
Tel.: 307-686-6347
Fac.: 307-687-0216

Martin P. Cohn (CA SBN 129289)
(*Pro Hac Vice*)
**COHN RENGO**
314 East Carrillo Street, Suite 7
Santa Barbara, CA 93101
Tel.: (805) 569-2223
Fac.: (805) 682-4215

Attorneys for Plaintiff Robert M. Lane

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ROBERT M. LANE, <br><br> Plaintiff, <br><br> v. <br><br> LUCAS E. BUCKLEY, et al., <br><br> Defendants. | Case No. 2:15-cv-00155-NDF <br><br> **PLAINTIFF ROBERT LANE'S DECLARATION IN SUPPORT OF MOTION TO COMPEL THE DEPOSITION OF DEFENDANT PATRICIA E. LANE AND TO CONTINUE ALL TRIAL RELATED DATES IN THIS ACTION** <br><br> *[Assigned to the Honorable Nancy D. Freudenthal, Chief Judge]* |

TO THE UNITED STATES DISTRICT COURT, ALLPARTIES AND THEIR ATTORNEYS OF RECORD:

1

**PLAINTIFF ROBERT LANE'S DECLARATION IN SUPPORT OF MOTION TO COMPEL THE DEPOSITION OF PATRICIA E. LANE AND TO CONTINUE ALL TRIAL RELATED DATES IN THIS ACTION**

# DECLARATION OF ROBERT M. LANE

I, Robert M. Lane, hereby provide this Affidavit:

1. I am over 18 years of age and a party in this matter.

2. I provide this affidavit freely based upon my personal knowledge.

3. I make this Declaration in support of the motion to compel Patricia E. Lane to appear for her noticed deposition and to continue all trial related date.

4. My Patricia E. Lane participated with the other Defendants in depriving me of over $7 million in retirement assets owned by The Penobscot Enterprises Inc. Defined Benefit Pension Trust and the Robert M. Lane IRA.

5. Patricia E. Lane, while Manager of DFWU, LLC and Trustee of the Penobscot Pension Trust loaned herself $2.2 million of these retirement assets under a loan agreement that violated the terms of the DFWU, LLC Operating Agreement, the Penobscot Pension Plan Agreement, the Robert M. Lane IRA Agreement and federal ERISA law. At trial, expert witnesses will testify to this.

6. Patricia E. Lane further agreed in writing to set aside $7.5 million in assets to assure repayment of the loan and to allow me to retire. She failed to do so.

7. Patricia E. Lane and Defendants are believed to have spent Robert's retirement monies on their legal fees and $500.000 to settle a fraud lawsuit (Vikki L. Lane v. Patricia E. Lane et al, Beaufort County Court, Case#2013-CP-07-2997).

8. According to the Penobscot Plan actuary, Gordon Fraser Pension Consultants, Robert is entitled to at least $12,000 in monthly retirement benefits from his former employer Penobscot.

9. Patricia E. Lane rejected Robert Lane's request to draw pension benefits as Trustee of the Penobscot Pension Trust, leaving Robert Lane to rely on loans and the charity of others to survive.

10. Patricia E. Lane is a key witness in this case.

11. Patricia E. Lane has claimed that she is medically unable to provide a deposition and has failed to provide dates and times for a deposition for three months running.

12. Patricia E. Lane has given numerous depositions in the past and I have never heard her claim that she was unable to provide a deposition.

13. Patricia E. Lane is a Nurse Practitioner with a Master's Degree in Nursing from the Vanderbilt University School of Nursing. She is very familiar with the how the medical care system works.

14. Patricia E. Lane has been professionally employed in the medical field by a number of hospitals and doctors.

15. Patricia E. Lane has claimed to me that she could find a doctor to write an excuse for anyone for sickness, disability, etc. or other attempts to forgo their obligations.

16. Patricia E. Lane has a neurologist who she claims has written excuses for her in the past including an excuse to obtain long-term disability from Social Security. The Social Security Administration originally rejected her claim.

17. Patricia E. Lane's health problems as she has described them to me are chronic in nature and have not precluded her from normal living activities.  She is known to regularly travel to visit family and friends.  I am unaware that she has ever had difficulties speaking that would preclude her doing a deposition.  I am unaware that she is taking any drugs that impair her ability to speak.

18. Patricia E. Lane has also lied repeatedly in depositions she has given previously. She claimed in one deposition that she was the owner and President of Penobscot Enterprises while in a subsequent deposition she claimed that she was never an owner or officer of Penobscot.

19. I believe that Patricia Lane is fully capable of providing a deposition.

20. I further do not believe that an independent primary care doctor would support Patricia E. Lane's conclusion that she is medically not capable of giving a deposition.

21. I find it curious that Patricia E. Lane is again relying on an unnamed neurologist to provide an opinion about her inability to give a deposition. It should be determined whether this the same neurologist who she claimed easily wrote excuses for her in the past and supported her disability claim.

22. I believe that Patricia E. Lane simply seeking an excuse so that she can continue to spend my retirement assets.

23. I believe that less than $1 million of my retirement assets are left and that Patricia's and Defendants' actions have criminal ramifications as well.

This affidavit was executed on May 12, 2017 under penalty of perjury under the laws of the State of Nevada.

/s/ Robert M. Lane

_____

Robert M. Lane