Weston W. Reeves, 4-1120
Anna Reeves Olson, 6-3692
Park Street Law Office
242 S. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 *facsimile*
aro@parkstreetlaw.com
wwr@parkstreetlaw.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| ROBERT M. LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 15-CV-155F** |
| | ) | |
| LUCAS E. BUCKLEY, DFWU, LLC, DRAY, DYEKMAN, REED AND HEALEY, PC., GREGORY C. DYEKMAN, HATHAWAY AND KUNZ, P.C., COLLEEN LANE, MATTHEW W. LANE, PATRICIA E. LANE, SCOTT W. MEIER, CPA, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS HATHAWAY & KUNZ, P.C., SCOTT W. MEIER, CPA, AND LUCAS E. BUCKLEY'S MOTION TO DISMISS COUNTS VII AND VIII WITH PREJUDICE**

THROUGH HIS COUNSEL, Defendants submits this *Reply Memorandum in Support of Defendants' Motion to Dismiss Courts VII and VIII* with prejudice.

INTRODUCTION

Although Plaintiff's *Opposition to Defendants' Motion to Dismiss* alleges that his attached Exhibits "show that Patricia E. Lane has personally received at least $2,029,682.42, and caused the illegal diversion of at least $5,602,514.25, with the aid of her attorneys, Hathaway & Kunz, P.C., Scott Meier, and Lucas Buckley . . .," *see Response Brief* at 2, Plaintiff fails to make

any citation to the record to support this statement. In fact, nowhere in Plaintiff's 14 Exhibits is there any support for Plaintiff's contention that the Attorney Defendants participated in a "fraudulent scheme."

Furthermore, as the *Amended Complaint* merely alleges the Attorney Defendants' names in the caption of Counts VII and Counts VIII without alleging that these Defendants were personally involved in the alleged misconduct, it fails to state a claim against the Attorney Defendants.

Finally, Plaintiff's failure to timely respond to the Attorney Defendants' Requests for Admissions, "conclusively establishes" that Defendants did not participate in any "fraudulent scheme," further requiring the dismissal of Counts VII and VIII. *See* Exhibit 1.

I.  PLAINTIFFS' 14 EXHIBITS DO NOT ESTABLISH THAT THE ATTORNEY DEFENDANTS HAD ANY ASSOCIATION WITH THE $2.2 MILLION DOLLAR LOAN OR PARTICIPATED IN ANY "FRAUDULENT SCHEME."

Plaintiff claims that the 14 Exhibits attached to his *Opposition* establishes that the Attorney Defendants participated in a "fraudulent scheme," and "conspired to defraud Plaintiff of [his] assets, and use them for their own benefit." *Plaintiff's Response* at 5-6. Yet, a closer review of Plaintiff's Exhibits provides no support for this claim. First, Plaintiff's Exhibits 1 through 9 all predate Defendants' 2012 retention date. Second, Plaintiff's Exhibit 10 is DFUW, LLC's 2012 Tax Information Sheet that shows that an approximately $2 million dollars was wired directly to the personal bank account of Patricia E. Lane and Patricia A. Lane -- not to the Defendant Attorneys or their trust accounts. Plaintiff's Exhibit 11 is the Lane Defendants' Wells Fargo Bank statement which, again, does not show any connection to the Attorney Defendants. Exhibit 12 is a copy of the Turnover Agreement, which has nothing to do with the $2.2 million dollar loan made to the individual Lane Defendants.

While Plaintiff alleges that Exhibit 13 "demonstrably show[s] Defendant Scott Meier's

and Hathaway & Kunz, LLP's participation in this fraudulent scheme," *see Response* at 4, Exhibit 13 is merely a March 2013 email from Mr. Meier to Mr. Lane in which Mr. Meier requests copies of the "loan documents" to "validate the existence of such a loan." *Id.*

Finally, Exhibit 14 is simply the title and signature page of a Settlement Agreement, but it does not provide, as Plaintiff alleges, that any proceeds from the $2.2 million dollar loan were used to pay to pay the settlement. In fact, Exhibit 14 does not provide that any payment was made.

As evidenced by Plaintiff's own Exhibits, Plaintiff cannot establish the existence of any valid claim against the Attorney Defendants and the remainder of Plaintiff's *Complaint* must be dismissed.

    II.    CASUALLY MENTIONING DEFENDANTS' NAMES IN THE CAPTION OF THE AMENDED COMPLAINT IS INSUFFICIENT TO PROVIDE NOTICE OR PLEAD FRAUD WITH PARTICULARITY.

For the first time in the two-year history of this litigation, Plaintiff states that "the crux of the fraudulent scheme was Defendants' execution of the [Turnover] Agreement (attached as 'Exhibit 12') in and around February 21-25, 2013." *Plaintiff's Response* at 6. Yet, Counts VII and VIII have nothing to do with the Turnover Agreement and have everything to do with the $2.2 million dollar loan that Mr. Lane made to Patricia Lane -- not to the Attorney Defendants.

Furthermore, with regard to the loan as alleged in Counts VII and VIII, Plaintiff's *Amended Complaint* should be dismissed because the Plaintiff merely references these individuals in the caption and does not allege that they were personally involved in any of the alleged misconduct. *See Prokop v. Nebraska Accountability & Disclosure Comm'n,* No. 4:08CV3063, 2009 WL 250047, at *2 (D. Neb. Feb. 2, 2009); *Banks v. N.Y. Police Dep't*, No. 4:15CV3012, 2015 WL 1470475, at *2 (D. Neb. Mar. 31, 2015) (a complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in

the alleged misconduct fails to state a claim against that defendant); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that the district court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption)).

Here, Plaintiff's *Amended Complaint* does not mention any of the Attorney Defendants by name, outside of the caption in Counts VII and VIII. As Plaintiff fails to allege that any of the Attorney Defendants were personally involved in the alleged misconduct related to the $2.2 million dollar loan, Plaintiff's claims against Defendants Buckley, Meier and Hathaway & Kunz, P.C., must be dismissed.

### III. PLAINTIFF'S FAILURE TO TIMELY RESPOND TO DEFENDANTS' REQUEST FOR ADMISSIONS REQUIRES DISMISSAL.

On April 12, 2017, Defendants sent their first set of Requests for Admissions to Plaintiff. *See* Exhibit 1 (Defendants' RFAs). Request for Admission 5, 6 and 8 provided:

> REQUEST No. 5:    Admit that Defendants Meier, Buckley and Hathaway & Kunz, P.C., did not engage in any "fraudulent scheme."
>
> REQUEST No. 6:    Admit that the funds from the $2.2 million dollar "loan," never entered the trust accounts of Defendants Meier, Buckley and/or Hathaway & Kunz, P.C.,
> . . .
>
> REQUEST No. 8.    Admit that Plaintiff has not suffered any damages.
>
> . . .

*Id.*

Responses to Defendants' Requests for Admission were due 30-days later, *i.e.,* on or before May 12, 2017. *See* F.R.C.P. 36(a)(3) (responses are due "30 days after being served). On May 16, 2017 -- four days *after* Plaintiff's responses were due -- Plaintiff's Counsel requested a 10-day extension to respond to discovery. *See* Exhibit 2 (Email from Mr. Cohn). Defense Counsel agreed to the extension making Plaintiff's responses due May 26, 2017. However, May

26, 2017 came and went and Plaintiff never made any responses to discovery. In fact, to this day, Defendants' discovery requests remain outstanding.

Rule 36(a)(3), F.R.C.P., provides that a request for admission is deemed "admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Section 36(b), F.R.C.P., provides that "[a] matter admitted under this rule is *conclusively established* unless the court, on motion, permits the admission to be withdrawn or amended." F.R.C.P. 36(b) (emphasis added).

Accordingly, as Plaintiff did not timely respond to Defendants' Requests for Admissions it is "conclusively established" that: (1) the attorney Defendants did not participate in any "fraudulent scheme"; (2) funds from the $2.2 million dollar loan never entered the attorney Defendants' trust account; and, most importantly, (3) Mr. Lane has not suffered any damages. *See* Exhibit 1.

## CONCLUSION

For these reasons, and the reasons stated previously, these Defendants' Motion to Dismiss Counts VII and VIII must be granted.

DATED this 7th day of June 2017.

/Anna Reeves Olson
W.W. Reeves, #4-1120
Anna Reeves Olson, #6-3672
Park Street Law Office
242 S. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 facsimile
aro@parkstreetlaw.com

*Attorneys for Defendants Buckley, Meier and Hathaway & Kunz*

## CERTIFICATE OF SERVICE

The undersigned does certify that a true and correct copy of the foregoing was correctly addressed and served in the following manner on this 7th day of June 2017.

| | |
|---|---|
| Steve Kline, 5-1761<br>Melinda McCorkle, 6-3905<br>KLINE, MCCORKLE & PILGER<br>PO Box 1938<br>Cheyenne, WY 82003-1938<br>Steve@kmplaw.net<br>Melinda@kmplaw.net<br>*Attorneys for Defendants Colleen Lane<br>Matthew Lane and Patricia Lane* | ☒ E-Service<br>☐ Hand Delivered<br>☐ Overnight<br>☐ Facsimile<br>☐ Email |
| Martin Cohn (*Pro Hac Vice*)<br>COHN RENGO<br>314 East Carrillo Street, Suite 7<br>Santa Barbara, CA 93101<br>marty@cohnstewart.com<br>*pro hac vice for Plaintiff Robert Lane* | ☒ E-Service<br>☐ Hand Delivered<br>☐ Overnight<br>☐ Facsimile<br>☐ Email |
| Michael Wilkerson, 5-2184<br>WILKERSON & BREMMER LAW GROUP, LLC<br>400 South Kendrick Ave. Suite, 203A<br>PO Box 607<br>Gillette, WY 82717<br>*Wyoming Counsel for Plaintiff Robert M. Lane* | ☒ E-Service<br>☐ Hand Delivered<br>☐ Overnight<br>☐ Facsimile<br>☐ Email |

/s *Anna Reeves Olson*  
Anna Reeves Olson

**EXHIBIT 1**

Weston W. Reeves, 4-1120
Anna Reeves Olson, 6-3692
PARK STREET LAW OFFICE
242 So. Park Street
Casper WY 82601
(307) 265-3843
(307) 235-0243 *facsimile*
wwr@parkstreetlaw.com

IN THE DISTRICT COURT
DISTRICT OF WYOMING

| | | |
|---|---|---|
| ROBERT W. LANE, | ) | Case No. 15-cv-00155-NDF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LUCAS A. BUCKLEY, | ) | |
| DWUF, LLC, | ) | |
| DRAY, DYEKMAN, REED & HEALEY, PC, | ) | |
| GREGORY DYKEMAN, | ) | |
| HATHAWAY & KUNZ, PC | ) | |
| COLLEEN LANE, | ) | |
| MATTHEW LANE, | ) | |
| PATRICIA E. LANE, | ) | |
| SCOTT W. MEIER, CPA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS HATHAWAY & KUNZ, P.C., LUCAS A. BUCKLEY & SCOTT W. MEIER, CPA'S FIRST SET OF
REQUESTS FOR ADMISSIONS TO PLAINTIFF**

Defendants, through their Counsel, request that Plaintiff responds to the following pursuant to the Federal Rules of Civil Procedure.

REQUEST NO. 1:   Admit that Defendants Meier, Buckley and Hathaway & Kunz, P.C. did not have an attorney-client relationship with the Plaintiff, Robert Lane.

Response:

REQUEST NO. 2:   Admit that Defendants Meier, Buckley and Hathaway & Kunz, P.C. representation did not fall below the standard of care.

Response:

REQUEST NO. 3:   Admit that Defendants Meier, Buckley and Hathaway & Kunz, P.C. did not provide any negligent advice.

Response:

1

REQUEST NO. 4:   Admit that the Turnover Agreement was lawful and not entered into "fraudulently."

Response:

REQUEST NO. 5:   Admit that the Turnover Agreement and that the Trust Agreements were proper assets of the Bankruptcy Estate.

Response:

REQUEST NO. 5:   Admit that Defendants Meier, Buckley and Hathaway & Kunz, P.C. did not engage in any "fraudulent scheme."

Response:

REQUEST NO. 6:   Admit that the funds from the $2.2 million dollar "loan," never entered the trust accounts of Defendants Meier, Buckley and/or Hathaway & Kunz, P.C.

Response:

REQUEST NO. 7:   Admit that Hathaway & Kunz, P.C. did not "fail to properly supervise," Defendants Meier and Buckley.

Response:

REQUEST NO. 8:   Admit that Plaintiff has not suffered any damages.

Response:

DATED this 12th day of April 2017.

W.W. Reeves, #4-1120
Anna Reeves Olson, #6-3692
PARK STREET LAW OFFICE
242 So. Park Street
Casper, Wyoming 82601
(307) 265-3843
(307) 235-0243 *facsimile*

*Attorneys for Hathaway & Kunz, P.C.
Scott W. Meier, CPA, & Lucas E. Buckley*

2

CERTIFICATE OF SERVICE

The undersigned does certify that a true and correct copy of the foregoing was correctly addressed and served in the following manner on this 12th day of April 2017.

| | |
|---|---|
| Steve Kline, 5-1761<br>Melinda McCorkle, 6-3905<br>KLINE, MCCORKLE & PILGER<br>PO Box 1938<br>Cheyenne, WY 82003-1938<br>Steve@kmplaw.net<br>Melinda@kmplaw.net<br>*Attorneys for Defendants Colleen Lane Matthew Lane and Patricia Lane* | ☒ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight<br>☐ Facsimile<br>☐ Email |
| Martin Cohn (*Pro Hac Vice*)<br>COHN RENGO<br>314 East Carrillo Street, Suite 7<br>Santa Barbara, CA 93101<br>marty@cohnstewart.com<br>*pro hace vice for Plaintiff Robert Lane* | ☒ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight<br>☐ Facsimile<br>☐ Email |
| Michael Wilkerson, 5-2184<br>WILKERSON & BREMMER LAW GROUP, LLC<br>400 South Kendrick Ave. Suite, 203A<br>PO Box 607<br>Gillette, WY 82717 | ☒ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight<br>☐ Facsimile<br>☐ Email |

*Wyoming Counsel for Plaintiff Robert M. Lane*

_____
Anna Reeves Olson

3

From: **Marty Cohn** marty@cohnrengo.com
Subject: **Re: Lane Discovery Responses**
Date: **May 16, 2017 at 11:12 AM**
To: **Anna Reeves Olson** aro@parkstreetlaw.com
Cc: **Ray Rengo** Ray@cohnrengo.com, **Melinda McCorkle** melinda@kmplaw.net, **Michael Wilkerson** michael@rsiwy.com

I spoke a little to fast. I'd also like a 10 day extension to respond to the discovery.

Will that work?

Marty

Sent from Marty's iPhone. (Please excuse typos and autocorrects) Thanks! 

On May 16, 2017, at 10:04 AM, Anna Reeves Olson <aro@parkstreetlaw.com> wrote:

> Dear Marty & Ray:
>
> Your discovery responses were due yesterday.
>
> I need to call Judge Rankin in order to proceed with a motion to compel.
>
> Marty, you and I were planning to talk today. Let's add this subject to our agenda.
>
> Anna Reeves Olson
>
> <unknown.png>



PARK STREET LAW OFFICE
242 So. Park Street • Casper, Wyoming 82601
(307) 265-3843 • (307) 235-0243 Facsimile