

United States District Court
For the District of Wyoming

FILED

3:31 pm, 6/26/17

U.S. Magistrate Judge

ROBERT M. LANE,

    Plaintiff,

vs.

LUCAS E. BUCKLEY, *et al.*,

    Defendants.

Civil No. 15-CV-155-NDF

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND TO CONTINUE TRIAL RELATED DATES [DOC. 123] AND DENYING DEFENDANTS' MOTION TO STRIKE [DOC. 126]

    This case requires the Court to determine three issues: whether the deposition of Patricia E. Lane should be compelled, whether a continuance of trial related dates is warranted, and whether Plaintiff's Motion to Compel, and to Continue Trial Related Dates should be stricken. The Court finds it appropriate to address the merits of Plaintiff's Motion despite Plaintiff's failure to comply with Local Rules, and therefore denies Defendant's Motion to Strike. The Court further finds in the absence of a protective order, Ms. Lane must appear for a deposition. Finally, the Court finds Plaintiff has not shown good cause for a continuance of trial related dates. Accordingly, Plaintiff's Motion to Compel and to Continue Trial Related Dates is granted in part and denied in part, and Defendants' Motion to Strike is denied.

### BACKGROUND

    This case is before the Court on Plaintiff's claim of breach of contract

enforced by third party beneficiary against Defendant Patricia E. Lane. Plaintiff's claim is based on a settlement agreement entered into during prior bankruptcy proceedings. Plaintiff alleges that as part of the settlement agreement, assets were illegally transferred out of two trusts. Plaintiff is seeking an array of compensatory, punitive and fee related damages. The parties are currently in the process of completing discovery and have brought the present motions before the Court in response to Defendants' delay of Patricia E. Lane's deposition.

### PLAINTIFF'S MOTION TO COMPEL AND TO CONTINUE TRIAL RELATED DATES
### [DOC. 123]

On February 15, 2017, Plaintiff noticed the deposition of Defendant Patricia E. Lane. Ms. Lane was unable to appear on the date noticed due to health concerns. Ms. Lane's counsel later informed Plaintiff that, after diagnosis by her neurologist, Ms. Lane would not be able to attend a deposition at any time in the next two months. Ms. Lane indicated, however, she would be reevaluated by her neurologist in two months' time to reassess her health. In the instant Motion, Plaintiff seeks to compel Ms. Lane's deposition and continue all trial related dates because of Ms. Lane's failure to agree to appear for deposition on or before May 26, 2017. Although Ms. Lane has asserted she cannot give testimony due to medical issues, Plaintiff argues the proper procedure in this case would have been to file a motion to quash the deposition notice or a motion for protective order, and absent these filings, the Court should compel.

### DEFENDANTS' RESPONSE [DOC. 131]

Defendants generally object to Plaintiff's Motion and request it be denied.

Defendants first assert Plaintiff failed to orally confer with counsel and the Court before filing his Motion. Defendants further argue Plaintiff's Motion is moot for two reasons. First, Defendants argue filing a motion to quash was unnecessary because the parties conferred and agreed Ms. Lane's deposition could not take place on the date noticed. Second, Defendants assert Plaintiff has been provided with a statement from Ms. Lane's physician detailing why her medical issues prevent her from currently giving testimony. Defendants finally argue Plaintiff cannot demonstrate good cause to continue all trial related dates in this action. Defendants assert Plaintiff provides no reason for his failure to depose Ms. Lane in the past two years of this litigation, and claim Plaintiff has already been provided with adequate discovery to prosecute his case. Therefore, Defendants request the Court deny or refuse to consider Plaintiff's Motion to Compel and ask that Plaintiff be required to pay attorneys' fees and costs incurred in responding to the Motion to Compel.

### DEFENDANT LANE'S MOTION TO STRIKE [DOC. 126]

In addition to a Response, Ms. Lane filed a Motion to Strike. Defendants argue Plaintiff failed to comply with Local Rule 7.1(b)(1)(A), Local Rule 37.1(b), and this Court's General Order Regarding Discovery Motions in all Civil Cases because Plaintiff did not orally confer with counsel or the Court prior to filing the Motion to Compel. Defendants argue Plaintiff's Motion should be stricken as a result. Defendants additionally request sanctions be imposed against Plaintiff for filing the Motion to Compel.

### PLAINTIFF'S REPLY [DOC. 132]

In Reply, Plaintiff argues it is evident from the instant Motions that the

3

parties have been meeting and conferring, both orally and in writing, for months regarding Patricia E. Lane's deposition. Plaintiff argues he has attempted to accommodate Ms. Lane's health concerns and set a mutually agreeable date, but "this court cannot allow health issues to be a permanent stonewall to discovery in a civil case." [Doc. 132 at 2]. Plaintiff finally notes Ms. Lane's physician note was authored after Plaintiff filed the Motion to Compel and the symptoms listed therein do not appear to prevent Ms. Lane from giving testimony.

## RELEVANT LAW

Under Rule 26 of the Federal Rules of Civil Procedure, parties to a lawsuit "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" regardless of whether the discovery is admissible at trial. Fed. R. Civ. P. 26(b)(1). The broad reach of discovery permitted under Rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case." *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 649–50 (D.N.M. 2007) (quotations and citations omitted). Parties may obtain this discovery through various methods, to include through the testimony of any person, including a party, by deposition, upon oral examination, without leave of court. Fed. R. Civ. P. 30. However, the party seeking to depose a witness must give "reasonable written notice." Fed. R. Civ. P. 30(b)(1). If a properly requested and noticed deposition is withheld, it is within the Court's discretion to compel the witness to testify. Fed. R. Civ. P. 37.

### RULING OF THE COURT

The Court will first address Defendants' Motion to Strike, then turn to Plaintiff's Motion to Compel, and will finally address Plaintiff's request to Continue Trial Related Dates.

*Motion to Strike*

Defendants have requested the Court strike Plaintiff's Motion to Compel and to Continue Trial Related Dates due to its noncompliance with Local Rule 7.1(b)(1)(A), Local Rule 37.1(b) and this Court's General Order Regarding Discovery Motions in all Civil Cases. Defendants argue Plaintiff did not orally confer or bring this dispute informally before the Court prior to filing his Motion. The Court acknowledges and does not condone Plaintiff's failure to strictly comply with Local Rules and this Court's General Order. However, because the parties have already provided the Court with briefing upon this issue and it is evident the parties have conferred to some extent on this matter, the Court will address the merits of Plaintiff's Motion. In accordance with Local Rule 7.1(a), a violation of this nature does not "preclud[e] the Court from ruling on a motion at any time after it is filed." U.S.D.C.L.R. 7.1(a). Defendant's Motion to Strike is therefore denied and the Court declines to impose sanctions.

*Motion to Compel*

The Court now turns to Plaintiff's Motion to Compel the deposition of Patricia E. Lane. Defendants have not objected to or delayed Plaintiff's request for the deposition of Ms. Lane on the grounds that it is outside the scope of discovery or that it was improperly noticed under Rule 30. Instead, Defendants have delayed

5

the deposition due to a medical recommendation issued by Ms. Lane's neurologist, who recommends that Ms. Lane not undergo a deposition at this time.

Despite asserting the necessity for a medically related deferment, Defendants have failed to move the Court for a protective order. Such a filing would have been the proper procedure for a delay of this nature. *See e.g. Medlin v. Andrew*, 113 F.R.D. 650 (M.D.N.C. 1987); *Everest Nat. Ins. Co. v. Sutton,* No. CIV.A09CV00913MSKMEH, 2009 WL 1384167, at *1 (D. Colo. May 15, 2009). Absent a protective order, the Court is unable to assess the veracity of Defendants' proffered reasons to delay. Though the Court has no reason to disbelieve Defendant's initial assertions that Ms. Lane's health could be jeopardized by the deposition, without a protective order in place the Court cannot allow an indefinite and opposed delay of Ms. Lane's deposition to continue. *See Campos v. Webb Cty. Tex.*, 288 F.R.D. 134, 138 (S.D. Tex. 2012).

Therefore, in the absence of a protective order, the Court finds Ms. Lane must appear for a deposition. The Court does ask, however, that the parties remain mindful of Ms. Lane's heath conditions in conducting the deposition. If Defendants wish to further delay or preclude Ms. Lane's testimony, they may move for a protective order which demonstrates good cause. "In seeking to prevent or delay a deposition by reason of medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition would be dangerous to the deponent's health." *Medlin*, 113 F.R.D. at 653. If the parties feel further argument on this matter is needed, they may jointly contact chambers and the Court will attempt to resolve any remaining issues informally.

*Motion to Continue Trial Related Dates*

The Court finally turns to Plaintiff's Motion for Continuance. Plaintiff has made a conclusory request for a continuance of all trial related dates, but Plaintiff fails to set forth good cause or provide particularized arguments as to why these dates should be continued. In accordance with Local Rules, "[n]o continuances shall be allowed absent a showing of good cause." U.S.D.C.L.R. 40.1(b). The Court therefore declines to grant the requested continuance. However, in recognition of Defendants' delay, the Court will permit the deposition of Patricia E. Lane to occur after the discovery deadline currently set in this case for July 3, 2017, per the Court's Initial Pretrial Order.

## Conclusion

The Court denies Defendants' Motion to Strike and examines Plaintiff's Motion to Compel on the merits. The Court finds Patricia E. Lane must appear for deposition unless or until Defendants file for a protective order demonstrating good cause to stay or preclude the deposition. The Court also finds Plaintiff's request to continue trial related dates is without good cause; but will allow the deposition of Patricia E. Lane to extend beyond the discovery deadline set in the Court's Initial Pretrial Order due to the deposition's delay. Accordingly, the Court grants in part and denies in part Defendants' Motion to Compel and to Continue Trial Related Dates and denies Defendants' Motion to Strike.

NOW, THEREFORE, IT IS ORDERED Defendants' Motion to Strike [Doc. 126] be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED Plaintiff's Motion to Compel and Continue Trial Related Dates [Doc. 123] be, and the same hereby is, GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED Defendant Patricia E. Lane is compelled to appear for deposition unless or until a protective order is granted.

IT IS FURTHER ORDERED the deposition of Patricia E. Lane may occur after the July 3, 2017 discovery deadline imposed in this case.

Dated this 26th day of June, 2017.

_____
Kelly H. Rankin
United States Magistrate Judge